

# United States District Court, Northern District of Illinois

Minute Order Form (06/97)

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6796 | **DATE** | 7/24/2001 |
| **CASE TITLE** | BAY STATE MILLING CO vs. MARTIN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, plaintiff's motion for final summary judgment is granted and defendant's motion to deny the value claimed by plaintiff is denied. Plaintiff is directed to submit a proposed final judgment order to chambers by August 3, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUL 2 6 2001 | |
| | Notified counsel by telephone. | date docketed | 25 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 JUL 25 AM 8:12 | docketing deputy initials 7/24/2001 date mailed notice |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BAY STATE MILLING COMPANY, | )<br>)<br>) Judge Ronald A. Guzman<br>) |
| Plaintiff, | )<br>) |
| v. | ) 99 C 6796 |
| | ) |
| JUNE MARTIN, | ) |
| | ) |
| Defendant. | ) |

DOCKETED
JUL 2 6 2001

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Bay State Milling Company's ("Bay State") motion for entry of final summary judgment pursuant to Fed. R. Civ. P. 56. Also pending is Defendant June Martin's ("Martin") motion to deny Plaintiff's claim that the house was of any value. For the reasons set forth below Bay State's motion for final summary judgment is granted and Martin's motion to find that the house had no value at the time of the fraudulent transfer denied.

## BACKGROUND FACTS

On March 15, 2001, this Court entered its memorandum opinion and order granting in part Bay State's Motion for summary judgment with respect to the avoidance of certain fraudulent transfers made by the daughters of June Martin. The sole remaining issue involves the appropriate amount of damages to be awarded to Bay State.

On May 3, 2001 June Martin was deposed as to the value of the real property at the time of the December 1995 mortgage transaction. Martin is now in the advanced stages of cancer and her memory with respect to the transactions is vague. During her deposition Martin was asked to

1



testify as to certain transaction documents with respect to the transfer of the home by her daughters in October of 1995. It is undisputed that Martin testified that the transaction documents were accurate to the best of her knowledge, including a document which reflected that the property was subject to an existing mortgage with a balance of $80,316.00. (Martin Dep. p.9-10). Martin further testified that she had no knowledge as to any other encumbrances on the property. (Martin Dep. p.10). Finally, Martin testified that the remainders of the transaction documents attached to Bay Statement's Statement of Undisputed Facts were accurate.

Martin, in response to Bay State's motion for final judgment has asked this Court to find that this property had no value at the time of transfer and attempts to raise issues of material fact regarding a number of alleged encumbrances. Many of Martin's submissions are bills having to do with renovation to the home after a fire. Other documents reveal personal loans made to Martin. None of these documents reveal priority creditor status for encumbering the property at the time of the fraudulent transfer.

## DISCUSSION

The court will grant summary judgment is "there is no genuine issue as to a material fact" and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, the court construes all facts in the light most favorable to the non-moving party and draws all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The mortgage documents are clear that the primary encumbrance on the property at the time of the transaction was a mortgage in the amount of $80,316.00. Bay State is therefore

entitled to summary judgment equal to the value of the daughters interests at the time of the fraudulent transfer plus accrued interest from the date of the transfer. However, Bay State has not given the Court any figures as to the value of the daughters interests or the amount of accrued interest Bay State seeks. The Court needs this information to finalize judgment.

## CONCLUSION

For the reasons set forth above final summary judgment is granted and Martin's motion to deny the value claimed by Bay State is denied (#20).

**SO ORDERED**                                Entered: 7/24/07

Ronald A. Guzman
**United States Judge**